SERGE C. and JEAN V. NAGGAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Naggar v. Commissioner
Docket No. 1548-81.
United States Tax Court
T.C. Memo 1983-559; 1983 Tax Ct. Memo LEXIS 230; 46 T.C.M. (CCH) 1362; T.C.M. (RIA) 83559; September 12, 1983. Serge C. Naggar and Jean V. Nagger, pro se. Patricia A. Donahue, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Fred R. Tansill, pursuant to General Order No. 6, 69 T.C. XV (1978). The Court approves and adopts his opinion, which is set out hereinbelow. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined a deficiency of $1,333.24 in petitioners' 1977 income taxes. The issue for decision is whether petitioners are entitled to a deduction for office-in-home expenses under section 280A. [1]
*231 FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts, together with the exhibits identified therein, is incorporated herein by reference. Petitioners lived in New York City, New York, at the time the petition was filed in this case. Mr. Naggar has, since 1968 and throughout 1977, the taxable year involved, operated as a sole proprietor a management consulting business under the name of "Naggar Consulting." In that business he furnishes to client-businesses, on a contract basis, reports including recommendations on how to make their businesses function more efficiently. Mrs. Naggar was a member of a partnership with another person which operated a literary agency known as "Manuscripts Unlimited." The partnership represented authors in dealing with book publishers (domestic and foreign), magazine publishers, and moving picture producers in efforts to have the authors' manuscripts published and to sell dramatic and performance rights to the producers. Both of these businesses were operated out of an apartment on East 72nd Street in New York City, which was also where the petitioners and their three children (aged 14, 12, and 9) resided. The apartment *232 had three bedrooms, a living room, a kitchen, a dining room, a foyer, a terrace opening off the bedroom occupied by petitioners, two baths, and six closets. There were items of office equipment such as desks, files, typewriters and their stands, located in petitioners' bedroom, the bedroom occupied by their two sons, living room, the dining alcove, and the foyer. Supplies for the businesses were stored in four of the six closets as well as behind drapes in petitioners' bedroom. The apartment was basically a place of business from 8:30 a.m. to 6:00 p.m., Monday through Friday, while during the other hours and on weekends it was the family home. The total rent for the apartment in 1977 was $6,591.24. Each of the petitioners included a Schedule C with the joint return which they filed for that year, and each claimed a deduction on Schedule C for rent in the amount of $2,197 (one-third of the total rent for the apartment). Respondent disallowed both of these claimed deductions. OPINION Section 280(a) generally disallows a deduction with respect to the use of a dwelling unit used by the taxpayer as a residence. Subsection (c) of 280A makes exception, however, for certain *233 business use, and provides in relevant part as follows: (1) Certain business use. -- Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelliong unit which is exclusively used on a regular basis -- (A) [as] the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or * * * [Emphasis added.] The evidence satisfies us that the apartment was used regularly as the principal place of business of each of the petitioners. However, the evidence fails to show that any portion of the apartment was used exclusively for the business purposes of either of the petitioners. It is fair to say that petitioners' business activities permeated the entire apartment, with the exception of their daughter's bedroom, the kitchen, the bathrooms, and two of the six closets. Yet those "business areas" became family dwelling quarters when the business day ended at or about 6:00 p.m. The result must be that the "Business areas" were not used exclusively for business *234 purposes; they served a mixture of business and personal family needs. [2] The business and personal use of the subject areas was so intermingled that we cannot find that a specific portion of the apartment was used exclusively for business purposes. [3]
*235 Respondent's determination must be sustained. [4]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Regarding the exclusivity requirement of sec. 280A (c)(1), the Senate Finance Committee stated the following: Exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of a dwelling unit solely for the purposes of carrying on his trade or business. The use of a portion of a dwelling unit for both personal purposes and for the carrying on of a trade or business does not meet the exclusive use test. Thus, for example, a taxpayer who uses a den in his dwelling unit to write legal briefs, prepare tax returns, or engage in similar activities as well for personal purposes, will be denied a deduction for the expenses paid or incurred in connection with the use of the residence which are allocable to these activities. * * * [S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186.] This statement is clear evidence of congressional intent to prohibit a deduction in situations such as the instant one in which we have found that petitioners used certain portions of their residence for both business and personal activities. ↩
3. Petitioners' reliance on and is misplaced. In those cases, the Court held that a room or a specific portion of a room in the taxpayer's residence was used exclusively for business purposes and was never used at any time of the day for personal purposes. Here, the intermingled business and personal use of petitioners' residence, albeit at alternate times of the day, make a finding of exclusive business use impossible.↩
4. , affd. without published opinion ; ; .↩